UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LAWRENCE ALAN HABERMAN,

    Petitioner,

v.                                  Case No. 5:13cv403/MP/CJK

ENGLISH,

    Respondent.
_____/

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under § 2241 and that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Correctional Institution in Marianna, Florida, is currently serving a sentence imposed by the United States District Court for the Northern District of Texas ("Northern District of Texas") in *United States v. Haberman, et al.*, Case Number 4:07cr188. (Northern District of

Texas Case No. 4:07cr188, doc. 103). Petitioner pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(A) and one count of criminal forfeiture pursuant to 21 U.S.C. § 853. (Northern District of Texas Case No. 4:07cr188, doc. 103). Petitioner's conviction was affirmed on appeal. (Northern District of Texas Case No. 4:07cr188, docs. 190, 191). Petitioner filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, which was denied. (Northern District of Texas Case No. 4:07cr188, doc. 198; Northern District of Texas Case No. 4:10cv905, doc. 24).

In this habeas action, petitioner challenges his original conviction. (Doc. 1) Specifically, petitioner argues he is "actually innocent of the conspiracy to possess and distribute sentence and conviction . . . ." (Doc. 1, p. 2). As relief, petitioner requests that this court vacate the Northern District of Texas' judgment and conviction. (Doc. 1, p. 9).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[1] ("Attacks on the underlying validity of a

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence may be sought by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence. *Darby*, 405 F.3d at 944. Section 2255 authorizes the filing of a motion to vacate, set aside, or correct a federal sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek or has already been denied relief on a § 2255 motion "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so."). The narrow exception to the § 2255(e) bar is called the "savings clause." *Gilbert v. United States*, 640 F.3d 1293, 1305-06 (11th Cir. 2011) (*en banc*), *cert. denied*, — U.S. —, 132 S. Ct. 1001, 181 L. Ed. 2d 743 (2012). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). The Eleventh Circuit originally advanced a three-part test for use to determine whether § 2255 is inadequate or ineffective to test the legality of a prisoner's detention under the savings clause in *Wofford v. Scott*, 177 F.3d 1236,

1244 (11th Cir. 1999), but later classified the *Wofford* test as dicta.[2] *Turner*, 709 F.3d at 1333. Indeed, the Eleventh Circuit determined that the actual holding of *Wofford* was "simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings," *Gilbert*, 640 F.3d at 1319, and clarified that *Wofford* required a petitioner to satisfy two conditions in order to bring a claim under the savings clause: "[f]irst, the claim must be based upon a retroactively applicable Supreme Court decision . . . . [S]econd . . . the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013); *see also Johnson v. Warden*, No. 13-10741, 2013 WL 6850483, at *1 (11th Cir. Dec. 31, 2013) ("We have since interpreted *Wofford's* holding to impose two necessary, but not sufficient, steps to qualify under the savings clause: (1) the prisoner must present a retroactively applicable Supreme Court decision; and (2) that decision must have overturned circuit precedent that resolved his claim in a way that prevented him from bringing it at trial, on appeal, or in his first § 2255 motion.").

Although captioned as a § 2241 petition, petitioner undoubtedly is challenging the validity of his judgment of conviction and sentence, not the execution of his sentence. All of petitioner's claims are direct appeal or § 2255 claims that could have been, and were to some extent, raised in an earlier proceeding. *See Antonelli*, 542

---

[2] The *Wofford* test requires a petitioner to show: "(1) that [the] claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford*, 177 F.3d at 1244. A prisoner must satisfy all three prongs of this test before the *Wofford* threshold is met. "[T]he savings clause does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*. at 1245.

F.3d at 1351-52 ("[A] prisoner may not avoid [the] gatekeeping [provisions] under § 2244(b) or § 2255(h) by a mere change of caption when, in substance, their lawsuit collaterally attacks a [conviction or] sentence."). Petitioner does not make any substantive effort to satisfy the savings clause and instead simply alleges he is actually innocent of the underlying conviction. As a result, at this time, petitioner is procedurally barred from bringing such claims in a § 2255 motion. *See Wofford*, 177 F.3d at 1242 ("'[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . .'" (alterations in original)). Moreover, petitioner has not demonstrated any of the requisite factors entitling him to proceed under the savings clause. *See Williams*, 713 F.3d at 1343; *Wofford*, 177 F.3d at 1244. As petitioner has not demonstrated entitlement to pursue habeas corpus relief under the savings clause, he cannot bring his claims under § 2241.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be DISMISSED WITH PREJUDICE for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under that section.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of September, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).